The next case call is No. 122487, people ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc., Agenda No. 14. Fellant, are you ready? Yes. You may proceed. May it please the Court. I am Stephen Diamond. I represent the relator of Fellant. My Pillow is a tax-scoff law that the Circuit Court found with reckless disregard. And as a result, the Circuit Court entered a judgment against My Pillow for almost $800,000 for its failure to collect use tax on Internet sales to Illinois. The appellate court affirmed liability and damages, yet reversed the award of attorney's fees to the relator for the work of its attorneys that took almost now seven years. There are three separate and independent reasons to reverse the appellate court, and all of those are based on the language of the False Claims Act. First, the legislature has provided in four separate attorney's fees provisions in the False Claims Act that the party that does the work is entitled to attorney's fees for the work of its own attorneys, whether it's the Attorney General's lawyers or the relator's lawyers. Second, the specific fee provision that's at issue here, Section 4D2, provides that the legislature intended that the relator shall receive fees for the work of its own attorneys. And third, as recognized in Scicchiti v. UBS, in the False Claims Act, the legislature directly answered the public policy issues that this court raised in Hammer v. Lentz, yet the appellate court disregarded Scicchiti entirely. Now, this is the first argument. There are four attorney's fees provisions in the False Claims Act that show the scheme that the legislature intended, and the language of those four fees provisions is virtually identical. There are two fee provisions for the relator and two fees provisions for the state, for the work of the Attorney General. And as this court held in Lamb v. Board of Education in 2002, sections of the same statute should be construed to produce a harmonious whole. And here, the harmonious whole is that the provisions show that the legislature intended that if the Attorney General does the work, it receives fees for the work of its lawyers. If the relator does the work, they are entitled to fees for the work of their own lawyers. Now, when Illinois enacted the False Claims Act in 1991, there were three fees provisions that it put in. Two of them related to the relator, and the first one was